UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DARRELL FRIEDLAND,
        Plaintiff,

v.

LIEUTENANT OTERO, et al.,
        Defendants.

PRISONER
CASE NO. 3:11-cv-606CFD)

## INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. The plaintiff sues Lieutenant Otero, Correctional Counselor John Kay, District Administrator Wayne Choinski and Director of Offender Classification and Population Management Fred Levesque.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937,

1949 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on April 16, 2008, he was one of eleven inmates traveling in a van back to Northern Correctional Institution ("Northern") from the Connecticut Superior Court in Rockville.  The van was driven by Connecticut Judicial Marshals and was equipped by cameras to enable the drivers to see what was going on in the back of the van.  At some point on the trip, someone covered the cameras.  Connecticut State Troopers then escorted the van to Walker Correctional Institution in Suffield, Connecticut.  Upon arrival, the Troopers noticed that someone had broken through the metal partition in the middle of the van between two sets of prisoners.  The prisoners on the passenger side of the van were able to get across to the prisoners on the driver's side of the van.  All the prisoners were removed from the van without incident.

The State Troopers charged the plaintiff with criminal mischief and disorderly conduct.  The plaintiff was ultimately sentenced to thirty days of imprisonment to be served concurrently to his current sentence and to pay restitution in the amount of $585.00.

The Department of Correction issued the plaintiff a disciplinary report for

attempted escape. Hearing Officer Otero assigned Counselor Kay to be the plaintiff's advocate. Counselor Kay failed to provide the plaintiff with the names of other inmates in the van who could have been witnesses at the hearing and did not attend the hearing with the plaintiff. On May 14, 2008, Hearing Officer Otero found the plaintiff guilty and imposed the following sanctions: thirty days of punitive segregation, ninety days loss of commissary and ninety days loss of telephone privileges. The plaintiff claims that Officer Otero refused to provide him with the documentary evidence in support of the guilty finding. District Administrator Choinski upheld the finding.

On May 15, 2008, Director of Offender Classification and Population Management Levesque placed the plaintiff on high security status due to the attempted escape charge. Defendant Levesque did not provide the plaintiff with a hearing prior to his placement on high security status. As a result of his placement on high security status, the plaintiff was subjected to the following conditions of confinement: automatic mail review, movement to a new cell every ninety days, cell searches at least twice a week, no out of cell movement without an escort, no contact social visits, no out of unit work assignments. In addition, the plaintiff was returned to phase one of the Close Custody program at Northern. During this program, the plaintiff was confined to his cell twenty-three hours a day with one hour out his cell for recreation.

The plaintiff seeks monetary damages and injunctive relief. To the extent that plaintiff sues the defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440

U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). The claims for money damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

After reviewing the complaint, the court concludes that the case should proceed at this time as to the Fourteenth Amendment Due Process claims against all defendants in their individual capacities and against all defendants in their official capacities to the extent that plaintiff seeks injunctive relief.

## ORDERS

The court enters the following orders:

(1) The claims against all defendants for monetary damages in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The claims in the complaint shall proceed against all defendants in their individual capacities and against all defendants in their official capacities to the extent that plaintiff seeks injunctive relief.

2) Within **fourteen (14) days** of this order, **the U.S. Marshals Service shall** serve the summons, a copy of the Complaint [doc. #1] and this Order on the defendants in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3) Within **fourteen (14) days of this Order**, **the Pro Se Prisoner Litigation Office shall** ascertain from the Department of Correction Office of Legal Affairs the current work addresses for the defendants and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report

to the court on the status of all waiver requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6) **Defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(7) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(8) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted

absent objection.

**SO ORDERED.**

Dated this 29th day of July, 2011, at Hartford, Connecticut.

<u>/s/ Christopher F. Droney</u>
Christopher F. Droney
United States District Judge